UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DEMARROLOH KNIGHT,** )<br>)<br>     **Plaintiff,** )<br>)<br>  v.   )<br>)<br>**OFFICER CORY THOMAS #1713,** )<br>**OFFICER ANGELA REED #1564,** )<br>**and CITY OF FORT WAYNE** )<br>**Official and Representative Capacity,** )<br>)<br>     **Defendants.** ) | **CAUSE NO. 1:06-CV-95** |

**OPINION AND ORDER DENYING APPROVAL
OF STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 22.)  As the proposed order contains two major defects, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order only for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding."). However, the protective order submitted by the parties lacks certain bases for finding good cause.

First, the proposed order's definition of "confidential information" is impermissibly broad:

> All information, documents, and things produced by the Defendants (which relate to the above-referenced matter concerning Officer Angela Reed and Officer Cory Thomas and other individual officers or employees of the City of Fort Wayne) shall be considered "confidential information".

(Stipulated Protective Order Under FRCP 26(c) for the Protection of Confidential Information ¶ 1.) Ostensibly, this "confidential information" could include virtually anything the Defendants produce during the course of the discovery. Thus, the definition is vague and overly broad, as a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid). Indeed, the definition of "confidential information" creates so broad and faceless of a category of confidential information that it really is no category at all. *See id.*; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 342 (N.D. Ill. 1998).

The definition of "confidential information" references a discovery dispute between the parties regarding the production of civilian complaints made against Defendants Cory Thomas and Angela Reed and complaints made against any other Fort Wayne Police Officers for the use of excessive force. However, we cannot be sure that the proposed protective order is limited to those documents involved in the dispute since these specific limitations do not appear in the

definition of "confidential information" or anywhere else in the protective order.

Moreover, the proposed protective order provides that "[a]ny 'confidential information' or document that is filed with the Court shall be filed in a sealed envelope . . . ." (Stipulated Protective Order ¶ 6.) Here, the defect arises from the "fudge" words "or document," because the parties fail to limit the material to be filed under seal to just "confidential information." Instead, under the language of the proposed order, any document could be filed under seal, rather than solely protecting the actual confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Indeed, if the Court were to approve this order, the parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," as the proposed order is not limited to the discovery phase of the proceedings. *Id.* at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945.  "Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus

3

far is inadequate.  For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties. (Docket # 22.)

SO ORDERED.

Enter for this 18th day of October, 2006.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
